IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROSSI J. CECALA,<br><br>                       Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>                       Defendant. | **MEMORANDUM DECISION AND<br>ORDER REVERSING AND REMANDING<br>THE DECISION OF THE<br>COMMISSIONER**<br><br>Case No. 2:16-cv-871-BCW<br><br>Magistrate Judge Brooke Wells |

Plaintiff Rossi J. Cecala ("Plaintiff") seeks judicial review of the decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act.[1] After careful consideration of the record and the briefs filed by counsel, the Court has determined that oral argument is unnecessary and decides this case based upon the record before it.[2] For the reasons set forth below, the Court REVERSES and REMANDS the decision of the Administrative Law Judge ("ALJ").[3]

**PROCEDURAL HISTORY**

Plaintiff protectively filed his application for SSI on November 24, 2014.[4] Plaintiff alleged a disability onset date of November 24, 2014, and sought benefits on the basis of various

---

[1] 42 U.S.C. §§ 1381-1383f.

[2] *See* Scheduling Order, Docket no. 18 (noting that "Oral argument is not a necessary part of the review process.").

[3] Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

[4] Transcript ("Tr.") at 12.

alleged mental impairments.[5] Following denial of his applications initially and on reconsideration, Plaintiff requested a hearing before an ALJ, which was held on March 17, 2016.[6] The ALJ issued an unfavorable decision on April 15, 2016.[7] The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner.[8] This action for judicial review followed.

### ADMINISTRATIVE DECISION

The Commissioner has prescribed a five-step sequential evaluation process to determine whether a claimant, like Plaintiff, is disabled and therefore entitled to SSI.[9] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 24, 2014, the alleged onset date.[10] At step two, the ALJ determined that Plaintiff had the severe impairments of anxiety disorder, PTSD, depressive disorder, attention deficit hyperactivity disorder, rule out antisocial personality disorder, and drug abuse.[11] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings.[12] The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work subject to additional mental limitations.[13] At step

---

[5] Tr. at 12 and 14.

[6] Tr. at 12.

[7] Tr. at 12-22.

[8] Tr. 1-4.

[9] *See Wall v. Astrue,* 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920(a)(4).

[10] Tr. at 14.

[11] *Id.*

[12] *Id.*

[13] Tr. at 16.

four, the ALJ found that Plaintiff had no past relevant work.[14] Finally, at step five, the ALJ found that Plaintiff—considering his age, education, work experience, and RFC—would be able to perform the requirements of representative occupations such as a hand packager, marker, and photocopy machine operator.[15] The ALJ also found that these jobs exist in significant numbers in the national economy.[16] The ALJ concluded that Plaintiff is not disabled.[17]

## STANDARD OF REVIEW

The Court reviews "the ALJ's decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[18] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[19] "It requires more than a scintilla, but less than a preponderance."[20]

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all the evidence.[21] In reviewing the ALJ's decision the Court evaluates the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[22] The Court, however, may neither "reweigh the evidence [n]or substitute [its]

---

[14] Tr. at 20.

[15] Tr. at 21.

[16] *Id*.

[17] Tr. at 22.

[18] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

[19] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

[20] *Id.*

[21] *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citation omitted).

[22] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

judgment for the [ALJ's]."[23] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[24] Further, the Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[25]

## ISSUE ON APPEAL

Plaintiff argues that the ALJ did not properly evaluate the Plaintiff's substance abuse.[26] Specifically, Plaintiff argues that the ALJ failed to follow the evaluation process outlined in SSR 13-2p. Plaintiff argues that the ALJ erroneously made a materiality determination *before* finding Plaintiff unable to work.[27]

## DISCUSSION

In the case at bar, at step three of the sequential evaluation the ALJ determined that Plaintiff's "DAA is not material to the outcome of this decision."[28] At step five of the sequential evaluation the ALJ found that Plaintiff was not disabled.[29]

"Section 416.935, SSR 13–2p, and POMS 90070.050 set forth the applicable process for an adjudicator to determine whether DAA is a material contributing factor to a claimant's disability."[30] "First, the ALJ must decide if the claimant is disabled, following the general

---

[23] *Lax*, 489 F.3d at 1084 (citation omitted).

[24] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[25] *Lax*, 489 F.3d at 1084 (citation omitted).

[26] Docket no. 18, pg. 3.

[27] Docket no. 18, pg. 11-12.

[28] Tr. at 19.

[29] Tr. at 22.

[30] *Billy v. Colvin*, 2014 WL 6879129, at *3 (W.D. Okla. Dec. 4, 2014).

4

disability case development and evaluation procedures and considering the effects of DAA."[31]
"Second, the ALJ must decide if there is 'medical evidence of DAA.'"[32] "Finally, if there is medical evidence of DAA, the ALJ must re-evaluate the claimant as if he had stopped using drugs and alcohol, and on that basis decide whether the DAA is a contributing factor material to the disability."[33] "Stated differently, a DAA materiality determination is made only when 'the claimant *is disabled* considering *all impairments*' and the ALJ has 'medical evidence from an acceptable medical source establishing that a claimant has a Substance Use Disorder.'"[34]

Requiring a disability determination under the five-step sequential process *prior to* making a DAA materiality determination forces the ALJ to consider *all* Plaintiff's impairments, including DAA, in determining disability. Only after considering *all* impairments, including DAA, the ALJ shall make a finding of disabled or not disabled. If, and only if, the ALJ finds that Plaintiff is disabled *and* there is medical evidence of DAA, then the ALJ should proceed and make a materiality finding with respect to Plaintiff's DAA. If the ALJ finds Plaintiff not disabled with DAA impairments, then no further analysis or materiality determination is necessary.

Here, the ALJ should not have made a materiality finding regarding Plaintiff's DAA until after he had made a disability determination. Thus, the ALJ erred in making a materiality finding at step three, prior to making his disability determination at step five. By making a

---

[31] *Id.* (*citing* POMS § 90070.050(B)(1)).

[32] *Id.* (*citing* POMS § 90070.050(B)(2)).

[33] *Id*. (*citing* POMS § 90070.050(B)(3), (D); 20 C.F.R. § 416.935(b)(2); SSR 13–2p).

[34] *Id*. (*citing* SSR 13–2p; *see also Salazar v. Barnhart,* 468 F.3d 615, 622–26 (10th Cir. 2006); *Drapeau v. Massanari,* 255 F.3d 1211, 1214 (10th Cir.2001)) (emphasis added).

materiality finding in step three, it is unclear whether the ALJ made the initial disability determination with consideration of Plaintiff's DAA impairments.

Accordingly, this Court REVERSES and REMANDS the ALJ's decision with instructions to follow the established evaluation process outlined in SSR 13-2p.

DATED this 28 September 2017.

Brooke C. Wells
United States Magistrate Judge